**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DELSY NOEMI FLORES MENA,

      Petitioner,

v.                                                                No. 2:26-cv-01124-MLG-SCY

NINA SISLER, in official capacity,
Facility Administrator of Otero County
Correctional Center, et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court Petitioner Delsy Noemi Flores Mena's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") filed April 10, 2026. Doc. 1. Flores Mena, a Honduran citizen, entered the United States and was apprehended by Respondents in 2015. *Id.* at 1, 15 ¶¶ 2, 58. The Department of Homeland Security ("DHS") released Flores Mena into the United States following her payment of a $12,000 bond. *Id.* at 2, 15 ¶¶ 3, 61. The immigration judge ("IJ") therefore concluded Flores Mena was not a danger to the community or a flight risk.[1] Following her release, Flores Mena relocated to St. Paul, Minnesota where she gave birth to two U.S. citizen children, now ages 5 and 9. Doc. 1 at 5, 15 ¶¶ 5, 58-59. She is their primary caregiver, and they reside with her. *Id.* at 15 ¶ 59. One of her children has trauma-related special needs requiring services and therapy. *Id.* Flores Mena is also active in her

---

[1] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). If a person is released on bond, the immigration officer has found neither consideration appliable.

church in Minnesota. *Id.* at 2, 15 ¶¶ 5, 60. On January 7, 2026, Flores Mena was arrested without a warrant and taken into custody by DHS. She is now detained at the Otero County Processing Center in New Mexico. *Id.* at 2, 15 ¶¶ 6, 8, 63. She did not receive a pre-deprivation hearing prior to her re-detention. *See* Doc. 1 at 15, 22 ¶¶ 63, 93. Flores Mena has no criminal history. *Id.* at 15 ¶ 58.

Flores Mena filed her verified Petition with this Court challenging her detention on the grounds that her detention violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act ("INA"), the Administrative Procedures Act, and the Fourth Amendment. *Id.* at 16-26, 28 ¶¶ 67-109. As for her Fifth Amendment Procedural Due Process Claim, Flores Mena asserts Respondents failed to provide her notice and a hearing prior to her re-detention. *Id.* at 22 ¶¶ 93-94. She seeks a writ of habeas corpus directing federal immigration authorities to immediately release her from custody or, in the alternative, a bond hearing pursuant to § 1226(a). *Id.* at 26-27. Flores Mena also requests an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), as amended 28 U.S.C. § 2412 and Local Rule 54.3(a). *Id.* at 27. On April 15, 2026, Flores Mena filed an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction requesting the same relief as her Petition. *See* Doc. 4 at 26-27; Doc. 1 at 26-27.[2]

Respondents filed a Response to the Petition on April 20, 2026. Doc. 6. They assert that Flores Mena's detention accords with § 1225(b)(2)(A), the BIA's decision in *Matter of Yajure*

_____

[2] The Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction requested expedited briefing for the motion, which was ordered by the Court on April 15, 2026. *See* Doc. 4 at 1; Doc. 6. Respondents filed one response following the Court's Order to Show Cause (Doc. 3) and Order for Expedited Briefing (Doc. 4). *See* Doc. 9. The Court therefore construes this Response as addressing both of Flores Mena's pleadings.

*Hurtado*, 29 I&N Dec. 216 (BIA 2025)[3], and is therefore mandatory.[4] *Id.* at 1-2.[5] Flores Mena filed a reply on April 21, 2026 reasserting that her re-detention without a finding of dangerousness of flight risk violates the Fifth Amendment Due Process Clause and the INA. Doc. 10 at 1-3.

Here, it is undisputed that Flores Mena was released on bond in 2015. *See* Doc. 1 at 2, 15 ¶¶ 3, 61. She was therefore released pursuant to § 1226(a)(2)(A)[6] and an initial determination was made that Flores Mena was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 1. Because Flores Mena was initially released from Respondents' custody pursuant to § 1226(a)(1), the Court hereby finds her re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause. The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026)

---

[3] A recent the Bureau of Immigration Affairs ("BIA") precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *Id.*

[4] This Court has repeatedly ruled that § 1226(a) governs the detention of noncitizens who have lived in the United States prior to their immigration arrest. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025).

[5] Respondents also cite *Patel v. Noem*, No. 1:25-CV-01261-KG-GBW, 2026 WL 103163 (D.N.M. Jan. 14, 2026) claiming that the facts in that case are substantially similar to those before the Court. Doc. 9 at 2. The Court disagrees. Notably, the petitioner in *Patel* was not released on bond prior to his recent detention. 2026 WL 103163 at * 1.

[6] Section 1226 permits the release of a noncitizen from custody pending a removability determination on "bond of at least $1,5000 with security approved by, and containing conditions prescribed by the Attorney General." § 1226(a)(2)(A). In contrast, a noncitizen detained under § 1225 is not entitled to release on bond as detention is mandatory. *See* § 1225(b)(2)(A). Respondents do not contest the fact that Flores Mena was released on bond in 2015. *See* Doc. 9. Therefore, the record demonstrates she was released pursuant to § 1226(a)(2)(A) in 2015.

(employing the *Mathews v. Eldridge*[7] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026).

"Determining whether a violation of that constitutional right has occurred turns on two independent inquiries: 'the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivations of that protected liberty interest accords with the Constitution.'" *Diallo*, 2026 WL 608746, at *3 (quoting *Garcia Domingo*, 806 F. Supp. 3d at 1251-52). Like a noncitizen released on their own recognizance under § 1226(a)(2)(B), Flores Mena has a protected interest from being free from DHS custody. *See Diallo*, 2026 WL 608746, at *3 ("Diallo has 'the most elemental of liberty interests—the interest in being free from physical detention by one's own government.'") (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). It is well-established that the liberty interest that arises upon release is "*inherent* in the Due Process Clause." *Pruitt v. Heimgartner*, 620 F. App'x 653, 657 (10th Cir. 2015) (quoting *Boutwell v. Keating*, 399 F.3d 1203, 1212 (10th Cir. 2005)) (emphasis in *Pruitt*). Therefore, the first inquiry is met here.

As for the second inquiry, Flores Mena is entitled to a hearing before an IJ prior to re-detention pursuant to the Fifth Amendment's due process clause as the *Mathews* factors balance in

---

[7] 424 U.S. 319, 335 (1976).

her favor.[8] *See id.*; *see also Kaur v. Chestnut*, No. 1:26-cv-00916-DC-DMC (HC), 2026 WL 373612, at *1 (E.D. Cal. Feb. 10, 2026) ("[T]he Due Process Clause requires that . . . to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), . . . the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (collecting cases). First, Flores Mena has a significant private interest in remaining free from custody as she is raising two U.S. citizen children on her own and is an active member of her community. Doc. 1 at 15 ¶¶ 58-60; *see also Diallo*, 2026 WL 608746 at *3; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (finding "substantial liberty interest" where petitioner was out of custody on bond for five years, during which he was employed and an active member of his community). There is also a substantial risk of erroneous deprivation of Flores Mena's liberty as DHS previously released her and has not demonstrated a change in circumstances or explained why re-detention is necessary. *See* Doc. 9; *see also Diallo*, 2026 WL 608746, at *4 (ruling "the second *Mathews* factor weighs in [Petitioner]'s favor because a pre-detention hearing where the flight risk and danger to the community factors are considered will ensure any future detention has a lawful basis"); *Id.* (rejecting Respondents' contention that § 1225 is applicable); *Requejo Roman v. Castro*, No. 2:25-cv-01076-DHU-JHR, 2026 WL 125681, at *9 (D.N.M. Jan. 12, 2026) (finding the risk of erroneous deprivation was "even more pronounced" when the petitioner was "released on bond in 2022 after an IJ determined he was neither a flight risk nor a danger to the community."). Finally,

---

[8] The factors in the balancing test set out in *Mathews v. Eldridge* are: (1) "the private interest that will be affected by the official action," (2) "the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335, (1976).

the third *Mathews* factor weighs in Flores Mena's favor. While Respondents have an interest in detaining noncitizens during the pendency of removal proceedings to ensure attendance and community safety, "this interest dissolves if [a] [p]etitioner is not a flight risk or a danger to his community." *Requejo Roman*, 2026 WL 125681, at \*9; *see also Diallo*, 2026 WL 608746, at \* 4 ("Whatever interest the government may have in this matter, and it has not articulated any, is outweighed by [Petitioner]'s protected liberty interest."). Respondents have not identified an interest in detaining Flores Mena nor any reason why it outweighs her liberty interest. *See* Doc. 9.

Flores Mena's writ of habeas corpus is granted. She has not received the due process of a pre-deprivation hearing prior to her re-detention pursuant to the Fifth Amendment. *See* Doc. 1 at 15, 22 ¶¶ 63, 93; *Diallo*, 2026 WL 608746, at \* 4; *see also Singh v. Casey*, No. 26-cv-1061-JES-DEB, 2026 WL 559779 (S.D. Cal. Feb. 27, 2026) (ordering the immediate release of petitioner due to the violation of the Fifth Amendment Due Process clause after he was re-detained in 2026 after being previously released on bond in 2014).

Flores Mena shall be released within twenty-four hours of the entry of this Order and subject to any conditions of her preexisting bond that existed at the time she was re-detained. She shall be released with all identification documentation and the property that she possessed on her person when detained by Respondents in January 2026 along with a copy of this Order.

Flores Mena may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Flores Mena is a flight risk or poses a danger to the community and that no conditions other than her detention would be

sufficient to prevent such harms. [9] Flores Mena shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Flores Mena was released from custody.

Because Flores Mena's Petition is granted, her Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Doc. 4, is moot.

Flores Mena's request for attorney's fees and costs under the EAJA shall be considered. *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). Flores Mena shall "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" in accordance with 28 U.S.C. § 2412(d)(1)(B).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[9] Respondents will bear this burden because they violated Flores Mena's Fifth Amendment Due Process rights and initiated her re-detention. *See Diallo*, 2026 WL 608746, at *4 n.9.